1 | HARRY STERN, SBN 176854
2 | RAINS LUCIA STERN, PC
3 | 220 Montgomery Street, Suite 484
4 | San Francisco, CA 94104
5 | Tel: 925.609.1699
6 | Fax: 925.609.1690
7 | Email: HStern@RLSlawyers.com

WILLIAM D. MARLER
(pro hac vice pending)
MARLER CLARK, LLP, PS
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Tel: 206.346.1888
Fax: 206.346.1898
Email: bmarler@marlerclark.com

Attorneys for Plaintiff
STEVEN RABINOWITZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| STEVEN RABINOWITZ, | Case No.: 14-3994 |
|---|---|
| Plaintiff, | **COMPLAINT FOR PERSONAL INJURIES** |
| v. | 1st **Claim for Relief – Strict Product Liability – (California Health and Safety Code § 109875, et seq.)** |
| ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1-20, inclusive, | 2nd **Claim for Relief – Breach of Implied Warranty** |
| | 3rd **Claim for Relief – Negligence** |
| Defendants. | 4th **Claim for Relief – Negligence per se** |
| | **JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, STEVEN RABINOWITZ, by and through undersigned counsel, and alleges and complains as follows:

## PARTIES

1. The Plaintiff STEVEN RABINOWITZ is a resident in the city of Phoenix, Maricopa County, Arizona.

1
**COMPLAINT FOR PERSONAL INJURIES**

2. The Defendant ATHERSTONE FOODS INC., d.b.a., GLASS ONION CATERING AND GOURMET FOODS, INC., ("Glass Onion") is a corporation organized and existing under the laws of the State of California, and based at 200 West Ohio Avenue, Richmond, California. At all times relevant to the allegations contained in this complaint, Glass Onion was registered to do business, and did conduct business, in the State of California. Glass Onion is a gourmet caterer and also a manufacturer and seller of prepackaged, "grab and go" items sold at a variety of retail locations. Glass Onion manufactured and sold the prepackaged food products that retailed at Trader Joe's and that are the subject of this action.

3. The Defendant TRADER JOE'S COMPANY, (hereinafter "Trader Joe's") is a California corporation that imports, distributes, and sells a variety of food products, including the products at issue, Glass Onion Catering ready-to-eat salads and sandwich wrap products, in a number of states, including California. At all times material to this action, Trader Joe's carried on in the ordinary course of business the importing, distribution, and sale of the Glass Onion Catering ready-to-eat salads and sandwich wrap products that the FDA has determined to be the cause of an outbreak of at least 33 E. *coli* O157:H7 illnesses in four states. At all times material hereto, Trader Joe's knowingly distributed and sold the Glass Onion Catering ready-to-eat salads and sandwich wrap products at Trader Joe's retail store locations throughout four western states, including in the State of California.

4. The true names and capacities, whether individual, corporate, partnership, joint venture, franchisee or otherwise of Defendants DOES 1-20, inclusive, are unknown to Plaintiff who sue these Defendants by fictitious names.

5. Each of the Defendants named in this Complaint as a DOE is legally responsible in some manner for the events and happenings alleged in this Complaint, and legally caused injury and damage to Plaintiff as alleged in this Complaint.

6. At all times mentioned in this Complaint, Defendants, and each of them, were the agents and employees of the remaining Defendants and were at all times acting within the course and scope of that agency and employment.

7. Plaintiff is informed, believes, and therefore alleges that at all times mentioned here, certain of the Defendant DOES are the successors in interest to each of the remaining Defendants and on that basis, are liable for any act or omission of Defendants alleged in this Complaint.

2
**COMPLAINT FOR PERSONAL INJURIES**

8. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1-20, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. The Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained.

9. Plaintiff is informed and believes, and thus on information and belief, alleges that at all times herein mentioned, Defendants, and each of them, were the agents or employees of their co-Defendants and were acting within the scope and course of their agency and employment, and with the permission and consent of the other co-Defendants, and that said Defendants, and each of them, are responsible in some manner for the events and happenings herein referred to or otherwise proximately caused the acts, omissions or events hereinafter alleged.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332(a) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between citizens of different states, and because the defendants have certain minimum contacts with the State of California such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

11. Venue in the United States District Court for the Northern District of California is proper pursuant to 28 USC § 1391(a)(1) because all the defendants are deemed to reside in this district, because all defendants are subject to personal jurisdiction at the time this action is commenced, and pursuant to 28 USC § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

**The Health Department Investigation**

12. A total of 33 individuals infected with a rare strain of *E. coli* O157:H7 have been reported from four states. The number of ill persons identified in each state is as follows: Arizona (1), California (28), Washington (3) and Texas (1).

13. Among persons for whom information is available, illness onset dates range from October 13, 2013 to November 5, 2013. Ill persons range in age from 2 years to 78 years, with a median age of 29

years. Sixty percent of ill persons are female. Among 22 persons with available information, 7 (32%) reported being hospitalized. Two ill persons have developed HUS, a type of kidney failure, but no deaths have been reported.

14.  Epidemiologic and trace-back investigations conducted by officials in local, state, and federal public health, agriculture, and regulatory agencies indicate that two ready-to-eat salads, Field Fresh Chopped Salad with Grilled Chicken and Mexicali Salad with Chili Lime Chicken, produced by Glass Onion, are the likely source of this outbreak of *E. coli* O157:H7 infections.

15.  On November 10, 2013, Glass Onion voluntarily recalled 181,620 pounds of ready-to-eat salads and sandwich wrap products that may have been contaminated with *E. coli* O157:H7.

***E. coli* O157:H7**

16.  *Escherichia coli* is the name of a common family of bacteria, most members of which do not cause human disease. The *E. coli* O157:H7 bacteria, unlike the vast majority of *E. coli* family members, are pathogenic. Specifically, *E. coli* O157:H7 can cause painful, bloody diarrhea (hemorrhagic colitis) in humans.

17.  After someone ingests a sufficient quantity of *E. coli* O157:H7 (also known as the infectious dose), the bacteria attaches to the inside surface of the large intestine and initiates an inflammatory reaction. The result is the bloody diarrhea and abdominal cramps characteristic of this intestinal illness.

18.  A wide spectrum of disease is possible as a result of an *E. coli* O157:H7 infection, extending from mild, and non-bloody diarrhea, to severe diarrhea that is grossly bloody and accompanied by severe abdominal pain.

19.  While the acute symptoms usually resolve without complications within seven to ten days, with further convalescence taking up to weeks, an *E. coli* O157:H7 infection can also develop into hemolytic uremic syndrome, a life-threatening condition for which there is no known treatment.

**Plaintiff's *E. coli* O157:H7 Infection**

20.  Steven Rabinowitz purchased a Glass Onion's salad product on or about October 12, 2013 at a Trader Joe's retail outlet. He consumed it on or about October 16, 2013. He first exhibited symptoms, which included diarrhea, bloating and abdominal pain, on or about October 19, 2013. Those

symptoms got progressively worse over the next few days. On or about October 21, 2013, he experienced severe abdominal pain, and bloody diarrhea, and was taken to the hospital.

21. Steven Rabinowitz was admitted to the Scottsdale Healthcare Osborn Medical Center on late October 21, 2013, or early the next morning. He was transferred to the Emergency Team where he presented with about 15 bouts of bloody diarrhea per day for the previous two days, and sharp abdominal pain.

22. Steven Rabinowitz's diagnosis and treatment of his infection included a CT scan, IV antibiotics, an emergency colonoscopy, and the collection of a feces specimen. Steven Rabinowitz's stool sample eventually tested positive for E. *coli* positive Shigatoxin, and his colonoscopy revealed that he had pancolitis.

23. Steven Rabinowitz was not deemed medically stable for discharge until more than a week after his admission to the hospital. He was ultimately discharged home on October 29, 2013 and his discharge plan requested two follow-ups in the two weeks following.

24. The County of Maricopa and the State of Arizona Department of Health Services ultimately concluded that Steven Rabinowitz's E. *coli* O157:H7 infection was part of the Glass Onion outbreak.

**FIRST CLAIM FOR RELIEF**
**(Strict Product Liability – Violation of California's Sherman Food, Drug, and Cosmetic Laws, California Health and Safety Code § 109875, et seq.)**
**(Against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1 through 20)**

25. The Plaintiff hereby incorporates paragraphs 1 through 24 by this reference as if each paragraph was set forth herein in its entirety.

26. Defendants are in the business of manufacturing and selling food products, including the contaminated product that is at issue herein.

27. Defendants manufactured and sold food that was defective at the time it left Defendant's control in that it was contaminated with *E. coli* O157:H7, which rendered it adulterated, unwholesome, injurious to health and unfit for human consumption. This defective condition created an unreasonable risk to people such as the Plaintiff.

28. It was reasonably foreseeable to Defendants that the contaminated food, when put to its

reasonably foreseeable use, would expose people, such as the Plaintiff, to harm.

29. Defendants prepared, distributed and sold food that was adulterated and contaminated with *E. coli* O157:H7 bacteria, by which the food was rendered adulterated, unwholesome and injurious to health, in violation of California's Sherman Food, Drug and Cosmetic Laws, California Health and Safety Code Sections 109875, et seq. and particularly 110620, and similar federal health and safety standards and regulations.

30. Plaintiff has been injured by his consumption of defendants' contaminated food, which was adulterated, contaminated, unwholesome, and injurious to his health and unfit for human consumption.

WHEREFORE, Plaintiff prays for judgment against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1-20, inclusive, and each of them, as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(Breach of Implied Warranty)**
**(Against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1 through 20)**

31. The Plaintiff hereby incorporates paragraphs 1 through 30 by this reference as if each paragraph was set forth herein in its entirety.

32. Defendants impliedly warranted that their food products were of merchantable quality, and were safe and fit for human consumption. The Plaintiff purchased and consumed the food product, and reasonably relied upon the skill and judgment of Defendants as to whether the products were of merchantable quality and fit for human consumption.

33. Defendants breached these implied warranties in that Defendants' food products were contaminated with *E. coli* O157:H7. As a direct, legal and proximate result of the breach of implied warranties, the Plaintiff suffered and may continue to suffer injury, harm, special damages and economic loss.

WHEREFORE, Plaintiff prays for judgment against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1-20, inclusive, and each of them, as hereinafter set forth.

**COMPLAINT FOR PERSONAL INJURIES**

## THIRD CLAIM FOR RELIEF
### (Negligence)
### (Against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1 through 20)

34.     The Plaintiff hereby incorporates paragraphs 1 through 33 by this reference as if each paragraph was set forth herein in its entirety.

35.     At all times mentioned herein, the Defendants, and each of them, were responsible for manufacturing, distributing and selling products that are reasonably safe and were responsible for providing adequate warning or instruction to the public of potential dangers of their products.

36.     At all times mentioned herein, Defendants, and each of them, had a duty to use due care in their manufacturing, distribution and selling of products to the general public.

37.     At all times mentioned herein, Defendants, and each of them, knew or should have known that there was a risk of *E. coli* O157:H7 contamination in their products.

38.     Defendants were negligent in manufacturing, distributing and selling a product which was not reasonably safe because adequate warnings or instructions were not provided, including but not limited to, the warning that the food product may contain *E. coli* O157:H7, and thus should not be given to, or eaten by, people.

39.     Defendants had a duty to use supplies and/or raw materials in producing the food product which were in compliance with applicable federal, state, and local laws, ordinances and regulations, which were from safe and reliable sources, which were clean, wholesome and free from spoilage and adulteration, and which were safe for human consumption, but failed to do so.

40.     Defendants were negligent in the selection of their material and ingredient suppliers, or other subcontractors, and failed to adequately supervise them, or provide them with adequate standards, in writing, and as a result, purchased and used products contaminated with *E. coli* O157:H7.

41.     As a direct, legal and proximate result of the Defendants' negligence, the Plaintiff suffered and may continue to suffer injury, harm, special damages and economic loss.

WHEREFORE, Plaintiff prays for judgment against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1-20, inclusive, and each of them, as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF
### (Negligence per se)
### (Against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1 through 20)

42. The Plaintiff hereby incorporates paragraphs 1 through 41 by this reference as if each paragraph was set forth herein in its entirety.

43. Defendants were negligent in manufacturing, distributing and selling a product which was not reasonably safe because adequate warnings or instructions were not provided, including but not limited to, the warning that the food product may contain *E. coli* O157:H7, and thus should not be given to, or eaten by, people.

44. Defendants had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of food products, including, but not limited to, California's Sherman Food, Drug and Cosmetic Laws, California Health and Safety Code Sections 109875, et seq. and particularly 110620, and similar federal health and safety standards and regulations, which ban the manufacture, sale and distribution of any "adulterated" food. Defendants failed to do so. The Plaintiff is among the class of persons designed to be protected by the statutory and regulatory provisions pertaining to the Defendants' manufacture, distribution, storage, labeling, and sale of its food.

45. Defendants had a duty to use supplies and/or raw materials in producing the food product which were in compliance with applicable federal, state, and local laws, ordinances and regulations, which were from safe and reliable sources, which were clean, wholesome and free from spoilage and adulteration, and which were safe for human consumption, but failed to do so.

46. Defendants were negligent in the selection of their material and ingredient suppliers, or other subcontractors, and failed to adequately supervise them, or provide them with adequate standards, in writing, and as a result, purchased and used products contaminated with *E. coli* O157:H7.

47. As a direct, legal and proximate result of the Defendants' negligence, the Plaintiff suffered and may continue to suffer injury, harm, special damages and economic loss.

WHEREFORE, Plaintiff prays for judgment against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and

8
**COMPLAINT FOR PERSONAL INJURIES**

DOES 1-20, inclusive, and each of them, as hereinafter set forth.

## DAMAGES

48. The Plaintiff hereby incorporates paragraphs 1 through 47 by this reference as if each paragraph was set forth herein in its entirety.

49. The Plaintiff has suffered general, special, incidental and consequential damages, as the direct and proximate result of the acts and omissions of the Defendants, which damages shall be fully proven at the time of trial, including, but not limited to, damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future; wage and economic loss, past and future; emotional distress, and future emotional distress; medical and pharmaceutical expenses, past and future; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1-20, inclusive, and each of them, on all causes of action as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For past and future medical and related expenses according to proof;
4. For past and future loss of earnings and earning capacity according to proof;
5. For interest to the extent allowable by law;
6. For costs of the suit herein; and
7. For such further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

As to the matters complained of herein against Defendants ATHERSTONE FOODS, INC., dba, GLASS ONION CATERING & GOURMET FOODS, INC.; TRADER JOE'S COMPANY; and DOES 1-20, inclusive, and each of them, Plaintiff STEVEN RABINOWITZ hereby demand a trial by jury of six persons on all issues so triable.

///

| | |
|---|---|
| Dated: September 3, 2014 | Respectfully submitted,<br>**RAINS LUCIA STERN, PC**<br><br>*/s/ Harry Stern*<br>Harry Stern<br>RAINS LUCIA STERN<br>220 Montgomery Street, Suite 484<br>San Francisco, CA  94104<br>Telephone: 925.609.1699<br>HStern@RLSlawyers.com<br><br>And<br><br>*/s/ William D. Marler*<br>William D. Marler<br>MARLER CLARK, LLP, PS<br>1301 Second Ave, Suite 2800<br>Seattle, WA  98101<br>Telephone: 206.346.1888<br>Facsimile: 206.346.1898<br>bmarler@marlerclark.com<br>pro hac vice pending<br><br>Attorneys for Plaintiff STEVEN RABINOWITZ |